GULOTTA, Judge
(dissenting).
I respectfully dissent from the conclusions reached by the majority.
It is my opinion that the agreement to purchase should be vitiated for error of fact[1] in the principal cause or motive [2] for making the contract. The purchsaer agreed to purchase a business which required for its operation a license or permit to sell alcoholic beverages. Were the purchaser aware that he could not obtain the permit, he certainly would not have entered into the agreement. The seller also was aware[3] that it was necessary for the purchaser to obtain a permit.
According to the purchaser, he was led to believe that this would afford no problem. He testified that Marcello represented that he (Marcello) would make arrangements for the license. This was corroborated by Fred Bonvillion who testified Marcello saw no reason why a permit could not be obtained. Also, Mrs. Bussiere said Marcello guaranteed that the license would be issued. This was denied by Mar-cello. Nevertheless, he knew that the establishment had a notorious reputation; and in view of the attitudes of the Gretna officials and the Chief of Police, he was aware that there might be difficulty in obtaining the permit. This knowledge was not within the keeping of the purchaser at the time the agreement was signed. It reasonably follows that either Marcello knew of the difficulty and deliberately withheld advising Bussiere (in which event, this omission might constitute fraud), or he believed that a new owner could obtain the license irrespective of the history of the establishment (which could constitute error).
While I agree with the majority that Marcello’s failure of disclosure, when considered in light of the entire record, will not support a conclusion of fraud, I am of the opinion that it does support a conclusion of error of fact.
The majority places significance on the purchaser’s failure to follow through with the application for the permit indicating that the application was never formally and finally denied. However, according to the testimony of Bussiere, the unfavorable attitude of the officials (which was transmitted to him by those who sought to assist in obtaining the permit) made any formal attempt futile. Futhermore, Bussiere did produce a copy of an application made by him which was “denied by Chief Miller”.
I am of the opinion that the trial judge properly concluded the contract should be vitiated and the purchase price returned.
Accordingly, I respectfully dissent.

. LSA-C.C. art. 1821 reads:
“That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.”

. LSA-C.C. art. 1823 reads:
“Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.” C. H. Boehmer Sales Agency v. Russo, 99 So.2d 475 (Orl.App.1958). See also comment 19 La.Law Review 196.

.LSA-C.C. art. 1826 reads:
“No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it.”